[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12390
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20264-JLK-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANTZ STERLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2020)

Before BRANCH, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Frantz Sterlin, a federal prisoner, appeals the district court's order denying his motion for reduction of his 192-month total sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) ("First Step Act"), after the court refused to exercise its discretion to reduce his total sentence, even though it determined that he was eligible for relief under the retroactive provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act").  On appeal, Sterlin argues that the denial of his motion was both procedurally and substantively unreasonable because the district court failed to consider adequately all the factors listed under 18 U.S.C. § 3553(a).

## I.

We review *de novo* "whether a district court had the authority to modify a term of imprisonment."  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  "We review for abuse of discretion the [district court's] denial of an eligible movant's request for a reduced sentence under the First Step Act."  *Id.*  "A district court abuses its discretion if it applies an incorrect legal standard."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).  District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  "[T]he First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment."  *Jones*, 962 F.3d at 1297.

2

## II.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine.  Fair Sentencing Act; *see Dorsey v. United States*, 567 U.S. 260, 268-70, 132 S. Ct. 2321, 2328–29 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences).  Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B).  *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

The First Step Act made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  *See* First Step Act § 404.  Under

3

§ 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. *See Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1300. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298; *see* First Step Act § 404(a). Thus, "a movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Jones*, 962 F.3d at 1298. Because section two of the Fair Sentencing

Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense that triggered one of those statutory penalties. *Id.*

We explained that district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, is a covered offense. *Id.* at 1300-01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine involved in the movant's violation. *Id.* at 1301. Rather, the district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, therefore triggering § 841(b)(1)(B)(iii). *Id.*

Hence, we determined that any actual drug amount involved in the movant's offense beyond the amount related to his statutory penalty is not relevant to whether he was convicted of a covered offense. *Id.* at 1301-02. However, contrary to the movants' arguments, we opined that a district court's actual drug-quantity finding remains relevant to the extent that the district court's finding triggered a

5

higher statutory penalty. *Id.* at 1302. Thus, a movant sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), in which the Supreme Court held that facts, such as drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *See Jones*, 962 F.3d at 1302.

Applying this inquiry to the four movants in *Jones*, we concluded that all four were sentenced for covered offenses because they were all sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302-03. Specifically, similar to the situation in the instant case, we determined that one movant, Alfonso Allen—who was charged in 2006 with 50 grams or more of crack cocaine, found by a jury to be responsible for that drug amount, and attributed with between 420 and 784 grams of crack cocaine per week at sentencing—was convicted of a covered offense, noting that the higher drug-quantity finding at sentencing did not trigger the statutory penalty for his offense. *Id.*

Next, we explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in Section

404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (quotation marks omitted) (alteration in original); *see* First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act. *Jones*, 962 F.3d at 1303. Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. *Id.* Moreover, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*. *See id.* at 1303-04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine that triggered his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the district court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we vacated and remanded the denials of two of the movants' motions because the district courts had authority to reduce

their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Allen, we noted that the district court denied the motion because Allen's guideline range remained the same, based on the drug-quantity finding made at sentencing, and his sentence was already at the low-end of that guideline range, such that the court may have incorrectly concluded that he was not eligible for a further reduction. *Id.* at 1305. We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing—not statutory—purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so. *Id.* at 1304. We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct. *Id.* at 1301, 1304.

Although we stated in *Jones* that a district court may consider the § 3553(a) factors when assessing an eligible movant's request for a sentence reduction under

8

Section 404(b), we have not addressed in a published decision whether a district court is required to do so.  In the § 3582(c)(2) context, a district court is required to consider the § 3553(a) factors in assessing a qualifying movant's request for a sentence reduction, but this requirement is set forth explicitly in U.S.S.G. § 1B1.10.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). Section 404 of the First Step Act, on the other hand, does not expressly require the district court to consider the § 3553(a) factors.  In addition, we have held that the First Step Act does not authorize a district court to conduct a plenary or *de novo* resentencing in which it reconsiders sentencing guideline calculations unaffected by sections 2 and 3 of the Fair Sentencing Act.  *United States v. Denson*, 963 F.3d 1080, 1082, 1086–88 (11th Cir. 2020).

In situations where consideration of the § 3553(a) factors is mandatory, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  In addition, a sentence may be affirmed so long as the record indicates that the district court considered several factors.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record showed that it considered several of them).  Moreover, the weight given to any of the § 3553(a) factors is

committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Campo*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)). Furthermore, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others may be a symptom of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.* at § 3553(a)(1), (3)-(7). While we

10

do not automatically presume a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence that is well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## III.

Here, although Sterlin was eligible for a sentence reduction under the First Step Act, which the district court correctly recognized, we conclude from the record that the district court did not abuse its discretion in denying Sterlin's motion. Based on the record, the district court did consider several factors in denying Sterlin's sentence reduction, whether it was required to or not. The district court noted that Sterlin's co-defendants received lower sentences than he did and that it had considered this previously in sentencing Sterlin. The district court also noted that Sterlin's guideline range would be changed by the Fair Sentencing Act and the First Step Act, which indicates that it considered the kinds of sentences available and the Sentencing Guidelines. Moreover, the record indicates that the district court recognized that Sterlin's advisory guideline range would have been 262 to 327 months' imprisonment had the Fair Sentencing Act been in effect at the time of his sentencing and that the 192-month sentence that it imposed was still well below that range. Accordingly, for the aforementioned

reasons, we affirm the district court's order denying Sterlin's motion for reduction of his 192-month total sentence.

**AFFIRMED.**